IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC SCHILLING, BLAINE KROHN,
and ERIK SINCLAIR,

                Plaintiffs,                OPINION AND ORDER

    v.
                                                          16-cv-202-wmc

PGA INC.,

                Defendant.

---

In a prior opinion and order, the court granted plaintiff leave to: (1) add two new plaintiffs to this proposed hybrid, FLSA collective and Wisconsin state labor law class action; and (2) assert a claim that PGA Inc. violated Wisconsin law by computing overtime pay using the rate for the type of work performed during the overtime hours, rather than the often higher average wage rate earned by the employee during that workweek. The court, however, denied plaintiffs leave to add a prevailing wage claim, as well as an additional, discrete claim concerning plaintiff Sinclair.

The court's order has since spurred additional filings by the party. In this opinion and order, the court will take up plaintiffs' motion for reconsideration and plaintiffs' motion for sanctions, as well as defendant's motion to strike the third amended complaint. Going forward, the court also encourages plaintiffs' counsel to focus their energy on the claims actually before the court in this case and scheduled for trial in October, rather than search for other possible theories of liability. If anything, plaintiffs' filings to date call into question counsel's adequacy to serve as class counsel.

OPINION

## I. Motion for Reconsideration

In its prior opinion, the court denied plaintiffs leave to proceed on a prevailing wage claim, finding that such a claim would require class treatment under Rule 23, and that "[t]o add an unrelated claim to this action would unduly prejudice defendant, in light of its discovery efforts to date and preparations to move for decertification of the FLSA collective action and to oppose the recently-filed motion for class certification." (2/17/17 Op. & Order (dkt. #61) 6-7 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010).) In denying leave, the court, however, indicated that plaintiffs Sinclair and Krall were free to assert a prevailing wage claim in a separate lawsuit -- which they apparently did in state court, and that claim has now been removed to this court. *Sinclair v. PGA, Inc.*, No. 17-cv-224-wmc (W.D. Wis. Mar. 21, 2017). Even if Rule 23 did not govern a state law prevailing wage claim brought by a representative party on behalf of other individuals, the court also indicated in a footnote that it would decline to exercise its supplemental jurisdiction over this claim, because it was unrelated to the core FLSA overtime pay claims and would likely delay resolution of those claims. (2/17/17 Op. & Order (dkt. #61) 6 n.3.)

"To prevail on a motion for reconsideration under [Rule 59(e)], the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation

2

omitted). Consistent with this standard, Rule 59(e) is not meant to allow the parties "merely to relitigate old matters." *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993).

In their motion for reconsideration, plaintiffs re-hash their arguments that Rule 23 is "not an available mechanism to resolve Wisconsin prevailing wage laws" -- an argument that the court previously considered and rejected, rendering it inappropriate for a motion for reconsideration under Rule 59.[1] In addition, plaintiffs contend that the court erred in applying Justice Scalia's plurality opinion in *Shady Grove* to hold that Rule 23 always superseded state class-action rules in federal court. 559 U.S. at 406-10 (citing the Rules Enabling Act, 28 U.S.C. § 2072(a)). Instead, plaintiff contends that the court should have followed Justice Stevens' opinion concurring in the judgement, which focused on the application of the *Erie* doctrine to the question at hand. *Id.* at 416-428; *see also id.* at 410-416 (section of plurality opinion in which three judges join to oppose Justice Stevens' approach).

As an initial matter, this court is not writing on a clean slate on the issue, since the Seventh Circuit has cited Justice Scalia's plurality opinion with approval. *See Show v. Ford Motor Co.*, 659 F.3d 584, 586 (7th Cir. 2011). Even if the court were to apply Justice

---

[1] At least plaintiffs' motive in pushing this argument is transparent. Under plaintiffs' theory, if the court were to grant plaintiffs leave to amend the complaint and then decline to exercise supplemental jurisdiction -- relying on the footnote in the prior opinion and order -- then the statute of limitations is "tolled for the entire time period that the state law claims are pending in federal court, as well as for a period of 30 days of dismissal." (Pls. Mot. (dkt. 62) ¶ 2.) The court might have approached plaintiffs' request differently if plaintiffs had presented this position in their original motion, but is disinclined to consider this as part of a Rule 59 motion.

Stevens' approach, however, plaintiffs fail to cite any authority or develop any argument as to why the Wisconsin procedure for a representative prevailing wage lawsuit, Wis. Stat. § 66.0903(11)(a), is substantive and not procedural, requiring this court to apply the Wisconsin law under *Erie*. Instead, plaintiffs presume that it is a substantive rule (Mot. for Reconsideration (dkt. #62) ¶ 9), but that assumption does not hold up. On the contrary, Justice Stevens himself *concurred* in the judgement in *Shady Grove* because he found that the New York statute at issue, which restricted class actions in certain suits, was *procedural*, not substantive. Moreover, in *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562 (7th Cir. 2011), the court described procedures for certifying class actions as procedural, contrasting it with a statute of limitations, which is considered substantive. *Id.* at 562 (citing *Shady Grove,* 559 U.S. 393).

Accordingly, the court sees no basis to revisit its decision to deny plaintiffs leave to amend their complaint to add a prevailing wage claim. Since such a representative claim would require class certification under Rule 23, it is simply too late to add that claim to the proposed hybrid FLSA collective action and class action overtime pay claims already at issue. As such, plaintiffs' motion for reconsideration is denied.

## II. Motions for Sanctions

In a couple of pages at the end of its opposition to plaintiffs' motion for reconsideration, defendant urged the court to award its attorneys' fees in responding to plaintiffs' motion for reconsideration. (Def.'s Opp'n (dkt. #63).) In tepid support, defendant cites to Rule 11(b) and plaintiffs' flawed argument that this court should rely on Justice Stevens' concurrence. Worse still, in response to that request, plaintiffs filed

their own, even more curious motion for sanctions. (Dkt. #64.) In their motion, plaintiffs argue that defendant's request for fees was unfair in light of plaintiffs' efforts to (1) seek reconsideration under Rule 54(b)[2] and (2) flush out the appropriate rule under *Shady Grove* to apply to the proposed prevailing wage claim in this case.

Other than to note that plaintiffs should have developed their argument in their original motion to amend, rather than simply cite to a state law case without any explanation or analysis as to why a state procedure embraced in that case would govern a class action in federal court, the court will decline both motions for attorneys' fees.

**III. Motion to Strike**

Finally, in its prior opinion and order granting plaintiffs leave to amend their complaint in certain respects, the court directed plaintiffs to file a third amended complaint consistent with the rulings by February 23, 2017. (2/17/17 Op. & Order (dkt. #61) 8 at ¶4.) Plaintiffs missed that deadline, purportedly only realizing that such a filing was required when defendant sought relief from the deadline to answer of March 9, 2017. (Dkt. ##66, 67.) Plaintiffs' counsel filed a cover letter explaining this lapse, and filed the third amended complaint on March 10, 2017. (Dkt. #68.) In response, defendant filed a motion to strike the third amended complaint as untimely. (Dkt. #70.)

While the court shares defendant's frustration with plaintiffs for failing to follow this court's clear directions, defendant's claim of prejudice by the delay in the filing of a

---

[2] Among the court's concerns is that Rule 54(b) provides a mechanism for entering partial judgment and it has nothing to do with seeking reconsideration, the standard of which is described above.

5

third amended complaint falls flat, particularly since allegations were previously disclosed in the proposed third amended complaint for which the court already issued a decision on plaintiff's motion for leave. In the end, there simply is no prejudice caused by the delay. Moreover, the deadline for answering the third amended complaint was struck pending a decision on this motion, thereby ameliorating any arguable prejudice to defendant in any event. The court will, therefore, deny defendant's motion to strike and accept plaintiffs' filing.[3] Defendant's answer is now due on or before July 3, 2017. Moreover, defendant should promptly respond to discovery requests specific to the newly-added claim. (*See* Def.'s Opp'n to Class Cert. (dkt. #78) 8 n.4 (stating that plaintiff is not entitled to discovery on the claim since plaintiff failed to file timely the Third Amended Complaint).)

The court will end this opinion as it began it -- cautioning plaintiffs' counsel to focus on the work at hand rather than motions to further amend pleadings, for reconsideration or for sanctions. The court will not hesitate to impose sanctions next time if required to curb this ill-advised litigation strategy.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for reconsideration (dkt. #62) is DENIED.

2) The parties' motion for sanctions (dkt. ##63, 64) are DENIED.

---

[3] Also pending before the court is plaintiffs' "notice to withdraw David Krall as named plaintiff." (Dkt. #65.) In light of the fact that he was added before defendant was required to answer, the court will treat the notice as a motion to withdraw Krall's claims under Rule 41(a)(1)(A), for which no action by the court is required. Regardless, the request is unopposed. (Def.'s Not. (dkt. #66) 3.) Accordingly, the clerk of court will be directed to terminate David Krall as a plaintiff.

3) In light of plaintiffs' notice to withdraw David Krall as named plaintiff (dkt. #65), the clerk of court is directed to terminate him as a party.

4) Defendant's motion to strike third amended complaint (dkt. #70) is DENIED. Defendant's answer is now due on or before July 3, 2017.

Entered this 19th day of June, 2017.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge