UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Eric Schilling
Blaine Krohn
Erik Sinclair,

On behalf of themselves and all others
similarly situated,

                     Plaintiffs,           Case No. 16-CV-202

    v.

PGA Inc.,

                     Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' BRIEF IN SUPPORT
## OF ITS MOTION FOR RECONSIDERATION

### Introduction

For the second time in this case, Plaintiffs have filed a motion to reconsider some aspect of this Court's decision. (*See* ECF No. 62.) This motion, like the first one, should fail. Plaintiffs do not identify any manifest errors in the Court's decision and instead rely on repackaged arguments from the parties' summary judgment papers. Mere disagreement with an aspect of the Court's decision does not justify the filing of a motion to reconsider, let alone having one granted. For the reasons set forth below, Plaintiffs' motion should be denied.

### Argument

**I.    Plaintiffs' Statement of the Legal Standard for a Motion to Reconsider is Incomplete.**

In support of their motion, Plaintiffs cite to the Seventh Circuit's decision in *Oto v. Metropolitan Life Ins.* as the standard for prevailing on a motion to reconsider. 224 F. 3d 601

(7th Cir. 2000).[1]  (ECF No. 134 at 2-3.)  According to Plaintiffs, they must present either newly discovered evidence or point out a manifest error of law or fact made by the court. (ECF No. 134 at 2.)

But Plaintiffs fail to reference the next sentence in the *Oto* court's description of the standard:  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  224 F.3d at 606 (citation omitted).  The court then denied the motion, finding that the motion "merely took umbrage with the court's ruling and rehashed old arguments." *Id*.  *See also Boyer v. Weyerhaeuser Co.*, 2016 WL 2619439, at *2 (W.D. Wis. May 5, 2016) (holding that "Rule 59(e) is not meant to allow the parties 'merely to relitigate old matters'" (citation omitted)) *and* (ECF No. 108 at 2-3.)  Plaintiffs' motion here does just that, and their motion must be denied.

## II.  Wisconsin Law Excludes Cash Fringes from Calculation of Overtime

Plaintiffs first argue that the Court did not sufficiently address the prevailing wage statute's definitions of "hourly basic rate of pay" and "bona fide economic benefit," and instead focused too much on the DWD's regulation addressing those terms, Wisconsin Administrative Code DWD section 290.05.  (ECF No. 134 at 3-8.)  Of course, assuming for the sake of argument that this issue was not litigated, then Plaintiffs have forfeited the argument and cannot use a motion to reconsider to raise it again.  *Boyer*, 2016 WL 2619439, at *2 (holding that "Rule 59(e) 'does not allow a party to . . . advance arguments that could or should have been presented to the district court prior to the judgment.'" (citation omitted)).

---

[1] *Oto* involved the application of Federal Rule of Civil Procedure 59(e), which provides for a "Motion to Alter or Amend a Judgment."

Nevertheless, the Court's decision did discuss the applicable statutory framework. The Court noted that the regulations adopted Wisconsin Statutes section 103.49's definition of "hourly basic rate of pay."[2] (ECF No. 132 at 7.) It then discussed the definition of "bona fide economic benefit," which is found in Wisconsin Administrative Code DWD section 290.01(3) but which draws its definition directly from the Wisconsin Statutes: "'Bona fide economic benefit' has the same meaning as in ss. 66.0903 (1) (am), 66.0904 (1) (am), and 103.49 (1) (am), 2009 Stats." Wis. Admin. Code DWD § 290.01(3). As such, Plaintiffs are simply wrong to argue that the Court did not adequately consider the statutory framework.

Plaintiffs next claim that this Court should ignore their position, taken at oral argument, that "straight time cash payment" does not support their position that cash fringes must be included in the overtime calculation. (ECF No. 134 at 7-8). Yet Plaintiffs can't explain why section 290.05 expressly *excludes* such cash fringes from the calculation. (ECF No. 132 at 8.) To interpret "straight time cash payment" to include cash in lieu of fringes as Plaintiffs do would introduce an internal contradiction into the regulation. One the one hand, cash fringes are expressly excluded; on the other they must be included as part of a "straight time cash payment." The Court is not required to adopt such a construction.

Plaintiffs' final claim—that this Court erroneously deferred to the DWD's enforcement position—also lacks merit. (ECF No. 134 at 9.) Although the Court referred to the deference doctrine that *Tetra Tech EC, Inc. v. Wisconsin Department of Revenue*, 2018 WI 75, 382 Wis. 2d 496, 914 N.W.2d 21 appears to have abrogated, the Court's decision did not depend on according

---

[2] The definition of "bona fide economic benefit" first appeared in Wis. Stat. sec. 103.49(1)(am) but it was renumbered to Wis. Stat. sec. 16.856(1)(a) by 2015 Wis. Act 55. That section was then repealed, effective September 23, 2017, by 2017 Wis. Act 59. Wisconsin Statutes section 66.0903(1)(am), which contained the same definition of "bona fide economic benefit" but which was applicable to municipal prevailing wage projects rather than the state projects covered by § 103.49, was repealed by 2015 Wis. Act 55 as well.

3

such deference. Rather, the Court conducted an independent analysis of chapter 290 and reached the same result as the DWD: "Here, the court similarly concludes that the third provision—the one on which plaintiffs relied at oral argument—does not further their claim." (ECF No. 132 at 12.) Because the level of deference does not alter the Court's conclusion, *Tetra Tech* is inapposite.

### III. Federal Law Excludes Prevailing Wage from the Computation of Overtime.

Plaintiffs next argue that the Court erred in finding that the FLSA does not exclude cash in lieu of fringe benefits from the rate used to calculate overtime compensation. (ECF No. 134 at 9-11.) Again, Plaintiffs have presented no new evidence, but have instead repackaged the argument they made on summary judgment. For example, Plaintiffs here principally rely on three cases to support their claim, (ECF No. 134 at 10), the same three cases they relied on in their initial briefing. (ECF No. 96 at 7.) Such re-litigation of old arguments is not appropriate for a motion to reconsider. *Boyer,* 2016 WL 2619439, at *2.

Moreover, Plaintiffs focus too narrowly on 29 U.S.C. § 207(e). Federal law also excludes fringe benefits paid pursuant to the Davis Bacon Act and other prevailing wage statutes: "The act excludes amounts paid by a contractor or subcontractor for fringe benefits in the computation of overtime under the Fair Labor Standards Act, . . . whenever the overtime provisions of any of these statutes apply concurrently with the Davis-Bacon Act or its related prevailing wage statutes." 29 C.F.R. § 5.32. The regulations implementing the FLSA expressly recognize this exclusion. "[S[pecific provision was made in the Davis-Bacon Act for the treatment of such predetermined fringe benefits in the computation of overtime compensation under other applicable statutes including the Fair Labor Standards Act." 29 C.F.R. § 778.6.

For these reasons, Plaintiffs' motion must also be denied as it pertains to cash fringes under the FLSA.

## IV. PGA Did Not Unlawfully Use the "When Worked" Method of Calculating Overtime.

Plaintiffs' final argument is that the Court erred in finding that PGA lawfully used the "when worked" or "type of work" method of calculation overtime when an employee was paid at two or more hourly rates in a given week. (ECF No. 134 at 11-13.) Specifically, Plaintiffs claim to have identified a single week in 2016 in which Sinclair was paid at the lower of two rates and claims that this single instance contravened PGA's practice for using the "when worked" method. (ECF No. 134 at 12.)

For support, Plaintiffs cite testimony that this did *not* reference in their Rule 56 statement of undisputed facts.[3] (ECF No. 95.) And their characterization of it is not accurate either. Mr. Barnetzke testified that the "weighted average" method is "generally" the method that PGA uses. (ECF No. 77 at 69:21-22.) He also testified in a declaration that although it was PGA's policy to use the weighted average method, PGA "in some instances … would compute overtime for some employees using the rate for work performed by the employee at the end of the preceding work week pursuant to an agreement with the employee." (ECF No. 79, ¶ 2.) He did not say that calculating based on the lower rate was a "mistake" as Plaintiffs claim; only that the general policy was to use the "weighted average" method and that sometimes a different method was used.

Notably, even if Plaintiffs were correct about this single week, they would have no claim for class certification because, as the Court correctly ruled, PGA could lawfully choose to use

---

[3] Plaintiffs point to ECF No. 77 at 69:24 – 70:4 in support of their claim. (ECF No. 134 at 13.) Although Plaintiffs referenced this transcript in their Rule 56 statement, they did not rely on these pages of testimony.

this method under Wisconsin law.  (ECF No. 132 at 16-17.)  In that instance, all Plaintiffs are left with are individual claims based on certain weeks in which a mistake *may* have been made. (ECF No. 134 at 17, n.15.)  Such claims are not sufficient for certification of a class under Federal Rule of Civil Procedure 23 because PGA's policy was lawful.[4]

## Conclusion

In light of the foregoing, PGA requests that the Court deny Plaintiffs' Motion for Reconsideration.

Dated this 16th day of November, 2018.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br><br>Mailing Address:<br>P.O. Box 2965<br>Milwaukee, WI 53201-2965<br>Telephone:  414-298-1000<br>Facsimile:  414-298-8097 | */s/* Robert S. Driscoll<br><br>John H. Zawadsky<br>WI State Bar ID No. 1008654<br>jzawadsky@reinhartlaw.com<br>Robert S. Driscoll<br>WI State Bar ID No. 1071461<br>rdriscoll@reinhartlaw.com<br><br>**Attorneys for Defendant PGA, Inc.** |

40555410v3

---

[4] Plaintiffs also argue that the "when worked" method is not available because PGA unlawfully failed to include cash fringes in the overtime calculation.  (ECF No. 134 at 12.)  As that is not the case, this argument is moot. Moreover, Plaintiffs did not raise this in their initial briefing, and it is not appropriate to raise it for the first time in a motion to reconsider.  *Boyer*, 2016 WL 2619439 at *2.