IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ERIC SCHILLING, BLAINE KROHN,
and ERIK SINCLAIR,

                 Plaintiffs,              OPINION AND ORDER

   v.

                                                      16-cv-202-wmc
PGA INC.,

                 Defendant.
---

In a prior opinion and order, the court granted summary judgment to defendant PGA, Inc., on plaintiffs' class and collective action claims. (10/23/18 Op. & Order (dkt. #132).) Plaintiffs had asserted: (1) violations of state law and the FLSA based on defendants' failure to include the "cash fringe" payment in the overtime rate calculation; and (2) a violation of state law based on defendant's practice of calculating overtime using the rate of pay for the hours actually worked during overtime, rather than a straight time average rate. The court found, neither theory of recovery was supported by the applicable law. (*Id.*) Before the court now is plaintiffs' motion for reconsideration, arguing that these rulings constitute a manifest error of law under Federal Rule of Civil Procedure 59. (Dkt. #133.) Because plaintiffs' motion falls well short of satisfying the standard of Rule 59, the court will deny it as well.

OPINION

In this same case, the court previously set forth the standard for reviewing a motion for reconsideration. (6/20/17 Op. & Order (dkt. #108) 2-3.) "To prevail on a motion for reconsideration under [Rule 59(e)], the movant must present either newly discovered

evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted). Consistent with this standard, Rule 59(e) is not meant to allow the parties "merely to relitigate old matters." *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Nor may a party use Rule 59(e) to "advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999).

Nevertheless, plaintiffs seek reconsideration of all three of the court's principal rulings at summary judgment. *First*, with respect to their state law claim based on defendant's failure to include the cash fringe payment in the overtime calculation, plaintiffs contend that the court erred by failing to consider the definition of hourly rate of pay under Wis. Stat. § 66.0903(4). As an initial matter, plaintiffs failed to develop any theory of liability based on this statute. Indeed, the only reference to § 66.0903 in their briefs is to the private right of action provision under subsection 11. Moreover, there is no longer a subsection 4 in the current version of § 66.0903.[1] Instead, in their briefs and in oral

---

[1] From the court's research, subsection (4) required payment of 1.5 times "hourly basic rate of pay" for hours worked in excess of 40 hours on prevailing wage jobs. Even if relevant, moreover, this requirement does not answer the question of what constitutes "hourly basic rate of pay." Instead, as explained in the court's prior opinion and order, Wis. Stat. § 103.49(b), and in turn Wis. Admin. Code. DWD § 290.05, expressly governs overtime pay calculations for prevailing wage jobs. Regardless, plaintiffs could have, but failed to, develop any argument based on Wis. Stat. § 66.0903(4) in their briefing or at the hearing on summary judgment, thereby rendering relief under Rule 59(e) inappropriate.

argument to the court, plaintiffs' theory of liability entirely rested on the appropriate definition of "hourly rate of pay" under Wis. Admin. Code DWD § 290.05, the specific provision governing overtime payments for prevailing wage jobs.

Regardless, the court *did* address in its opinion and order the statutory definition of "hourly basic rate of pay" in Wis. Stat. § 103.49(2), which the parties agreed governs prevailing wage jobs. Based on the inclusion of the language "and any other bona fide economic benefits, whether paid *directly* or indirectly" -- language plaintiffs conveniently failed to include in their quote of this section in the motion for reconsideration (*see* dkt. #134 at 5) -- the court found that the statute and regulations contemplate exclusion of the cash fringe payment from the hourly basic rate of pay.

Finally, even if the court were to consider the merits of plaintiffs' new argument in their motion for reconsideration invoking § 66.0903(a), plaintiffs have failed to explain how the court's interpretation of "hourly basic rate" under § 103.49(2) and the appropriate DWD regulations constitutes a manifest error of law, in light of the fact that there is *no* caselaw on this theory of liability.

*Second*, plaintiffs challenge the court's conclusion that the FLSA does not require inclusion of cash fringe payments in determining the "regular rate of pay." Specifically, plaintiffs argue that the court should have concluded that these payments are required to be included in the definition of "regular rate of pay" because they constitute remuneration for employment. Unlike their new state law argument, plaintiffs made this very argument at summary judgment, and the court already rejected it. As the court previously explained, it makes far more sense to look to state law to define "regular rate of pay" given that

plaintiffs' claims concern prevailing wage jobs, which is after all a category of work entirely defined by state law. And since state law does not require cash fringe payments to be included in the overtime premium calculation, the court found no such requirement under federal law, or, at the very least, found that plaintiffs failed to support this theory adequately. By plaintiffs simply regurgitating these same arguments in their motion for reconsideration, they have certainly offered no basis for reconsideration, much less identified a manifest error of law, nor could they, given that there is no caselaw on these claims.

*Third*, plaintiffs seek reconsideration of this court's finding that plaintiffs failed to demonstrate that an employer is required under state law to use the straight time average rate -- rather than the rate of pay during overtime hours -- in calculating overtime pay. In its opinion and order, the court actually recognized that plaintiffs may have *individualized* claims based on defendant's failure to reach an agreement to pay overtime using the rate of pay for work performed during those hours. Because plaintiffs were pursuing this claim as a class, however, the theory of liability must be amenable to class-wide proof -- in other words, proof that the *only* acceptable method of calculating overtime under Wisconsin law for the class as a whole was the straight time average rate method.

In their motion for summary judgment, plaintiffs argued that there were no agreements or understandings with employees to pay overtime based on the rate of pay worked during the overtime hours, and, therefore, the claim for recovery *was* amenable to class-wide proof. The problem is that plaintiffs failed to direct the court to any facts in support. Perhaps plaintiffs could have developed this argument *and facts* in support of this

theory at summary judgment, and they simply failed to do so, but a motion for reconsideration does not provide a do-over. To the contrary, plaintiffs' opportunity to "put up or shut up" was at summary judgment. *See Nichols v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 509 F. Supp. 2d 752, 760 (W.D. Wis. 2007) ("[S]ummary judgment is 'not a dress rehearsal or practice run,' but the 'put up or shut up moment' in which a proponent of facts must show what evidence it has to convince a trier of fact to accept its version of events.") (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)).

Moreover, the court can now take judicial notice that in a companion case, defendant PGA put forth evidence that it *had* provided advanced notice of its intent to pay employees on at least some prevailing wage jobs at the rate of pay during overtime hours (e.g., the rate of pay for work completed on Friday). *See Sinclair v. PGA, Inc.*, No. 17-cv-224-wmc, slip op. at *12 (W.D. Wis. Dec. 12, 2018) (dkt. #106). At minimum, plaintiffs have *still* failed to direct the court to any *evidence* in support of its claim that this theory of liability could be adjudicated on a class-wide basis, even putting aside the fact that the evidence was not newly discovered.

Finding no basis for reconsideration, the court will deny plaintiff's motion. In addition to these class and collective action claims, plaintiffs Schilling and Krohn also pursued individual claims based on allegations that they were misclassified as subjourney sheet metal workers in violation of state law. The parties, however, have filed stipulations to dismiss those individual claims. (Dkt. ##139, 140.) Accordingly, as set forth below, the court will direct entry of judgment on the three class and collective actions claims, dismiss the individual claims, and close this case.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for reconsideration (dkt. #133) is DENIED.

2) The parties' stipulations of dismissal of count III (dkt. ##139, 140) are ACCEPTED and the remaining individual claims are dismissed with prejudice.

3) The clerk's office is directed to enter final judgment in defendant's favor on the three class and collective action claims as set forth in the court's opinion and order on the parties' cross-motions for summary judgment (*see* 10/23/18 Op. & Order (dkt. #132) Order ¶ 7).

Entered this 25th day of February, 2019.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge