IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC SCHILLING, BLAINE KROHN,
and ERIK SINCLAIR, on behalf of
themselves and others similarly situated,

                Plaintiffs,                                ORDER

    v.

                                                                     16-cv-202-wmc

PGA INC.,

                Defendant.

After granting judgment in defendant PGA Inc.'s favor, plaintiffs appealed. On appeal, the parties apparently reached a settlement of the remaining collective action and class claims, prompting the Seventh Circuit to remand the case for the limited purpose of this court conducting settlement approval. (Dkt. #156.) Before the court is the parties' joint motion for preliminary approval of their settlement agreement. (Dkt. #157.) Having reviewed the parties' agreement, the court notes one significant concern, which the parties will need to address before the court can grant preliminary approval.

This case involves both an FLSA collective action and a Rule 23 class. Of the approximately 100 employees involved, only 12 employees affirmatively have opted into the collective action, while 38 affirmatively opted out of the Rule 23 class. Material to the court's concern, the settlement agreement contains three release provisions: (1) a very broad, general release for the three named plaintiffs; (2) a release by collective action members of "all wage and hour claims alleged in Plaintiffs' Complaint, including claims arising pursuant to" the FLSA and Wisconsin law and regulations; and (3) a release by Rule 23 class members of "all wage and hour claims alleged in Plaintiffs' Complaint, including wage and hour claims arising out of laws or regulations by the State of

Wisconsin." (Settlement Agreement (dkt. #17-1) 2-3.)

While the Rule 23 class action members release does *not* expressly list any FLSA claim they may have, the broad language releasing "all wage and hour claims alleged in Plaintiffs' Complaint" would appear to encompass any FLSA claims. Moreover, in the proposed notice describing what collective action and class members release, there is no distinction between the FLSA collective action members and the Rule 23 class members. (Proposed Notice (dkt. #157-1) 19.)

In choosing not to opt into the FLSA collection action, however, the individuals who are only in the Rule 23 class expressly *preserved* their individual FLSA claims. Indeed, the FLSA Collective Action Notice approved by this court and distributed to the prospective members, states:

> If you choose not to join this lawsuit, you will not be affected by any judgment *or* settlement of the Fair Labor Standards Acts claims in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your ow lawsuit, if you wish to do so.

(FLSA Collective Action Notice (dkt. #23-2) 4 (emphasis added.) Consistent with that notice, the individuals who did not opt into the FLSA collective action are not participating in the settlement of these claims, nor can counsel waive any claims retained by those individuals. Accordingly, any FLSA claims they might have should not be released by the settlement.[1] The court cannot approve a settlement which purports to release those claims

---

[1] To the extent that any of the individuals who opted into the FLSA collective action also opted out of the Rule 23 class, then requiring those individuals to release the average rate claim that only arises under Wisconsin state law would also be problematic. The court assumes that this result is unlikely, but the parties should clarify if any individuals fall within this camp in their response to this order.

2

for the individuals who did not opt in to the FLSA collective action. *See Sherburn v. Duluth Trading Co., LLC*, No. 11-cv-438, slip op. at *4-6 (W.D. Wis. Aug. 16, 2012) (dkt. #38).

Given the difference in the language used in the release provisions in the parties' settlement, the parties may not have intended to release the FLSA claims of those individuals who are only in the Rule 23 class. If not, the parties should have no problem with amending the release language in the settlement agreement and in the proposed notice to reflect clearly that individuals who did not opt into the FLSA collective action and are only members of the Rule 23 class do not release their FLSA claims, and providing the amended agreement for the court's approval. If the parties *intended* for those individuals also to release their FLSA claims, however, they will need to submit supplemental briefing providing support for such a broad release. Either response is *due* on or before November 1, 2019.

Entered this 18th day of October, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge