# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC SCHILLING, BLAINE KROHN,
and ERIK SINCLAIR, on behalf of
themselves and others similarly situated,

                Plaintiffs,                      ORDER

    v.

                                                  16-cv-202-wmc

PGA INC.,

                Defendant.

In response to the court's October 18, 2019, order, the parties filed a joint response, clarifying that they intended for only Rule 23 class members to retain their FLSA claim and submitted a modified, unsigned settlement agreement with updated attachments. (Dkt. #161.) While the court appreciates the parties' prompt response, the settlement agreement itself requires that any modifications must be "signed by the party again whom enforcement is sought." (Settlement Agreement (dkt. #157-1) ¶ 11.) As such, the court will require the parties to submit a modification with the required signatures by the parties before preliminarily approving the settlement.

The court also notes that the parties filed a revised notice, explaining that those individuals who did not opt in to the FLSA collective action have retained their FLSA claims. So far, so good, but the proposed amended notice also states, "You should note, however, that you may be barred by claim preclusion from bringing your own claim for overtime pay against PGA for the time period between March 31, 2014 through September 16, 2019, if the Court approves the settlement." (Revised Not. (dkt. #161-1) 18.) In their joint response, the parties cite *U.S. ex rel. Chovanec v. Apria Healthcare Grp. Inc.*, 606 F.3d 361 (7th Cir. 2010), for support. However, that case simply cites the well-recognized

proposition that "if the action is related to and based on the facts of an earlier suit, then it often cannot be refiled—for, once the initial suit is resolved and a judgment entered (on the merits or by settlement), the doctrine of claim preclusion may block any later litigation." *Id.* at 362.

Here, however, the parties agree that the individuals who did *not* opt into the FLSA collective action have not waived that claim, and, therefore, as the parties correctly stated in the notice previously provided, those who did not opt in to the FLSA collective action are *not* bound by the settlement or judgment of that claim. As such, the court will not approve a notice that states that FLSA claims may be barred by claim preclusion, though perhaps it would be reasonable to inform these Rule 23 class members that their FLSA claims (or at least some portion of them) may be time-barred. In amending the notice, the parties should also amend the language on the first page under the heading "Your Legal Rights And Options In This Settlement" to clarify that individuals who are only Rule 23 class members are not releasing their FLSA claims.

Once the parties address these concerns, the court will be prepared to issue an order preliminarily approving the settlement. The court awaits the parties' response.

Entered this 23rd day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge