SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on this 25ᵗʰ day of October, 2019 by and between Eric Schilling ("Schilling"), Blaine Krohn ("Krohn") and Erik Sinclair ("Sinclair"), both individually and on behalf of the Fair Labor Standards Act Collective Class Members (as defined below) and Rule 23 Class Members (as defined below) (collectively, "Plaintiffs") and PGA, Inc. ("PGA"). Plaintiffs and PGA will be collectively referred to as the "Parties" throughout this Agreement.

Recitals

A.      Plaintiffs and PGA are parties to a lawsuit currently pending in the United States Court of Appeals for the Seventh Circuit, Appeal No. 19-1422 (the "Appeal"). This case is on an appeal filed by Plaintiffs from entry of judgment on certain claims in their case in the United States District Court for the Western District of Wisconsin (the "Court") (ECF Nos. 132, 141, 421), Case No. 16-cv-202 (collectively "the Case");

B.      The Case alleges various violations of federal and state wage laws by PGA. Plaintiffs sought to represent a class of individuals under state and federal law, arguing that that PGA failed to pay overtime on cash payments in lieu of fringe benefits that PGA made to employees who worked certain prevailing wage jobs (the FLSA or state law "Cash Fringe Claim") and that PGA should have used the average rate to calculate overtime during weeks in which two or more rates were paid to the same individual (the "Average Rate Claims"). Plaintiffs also alleged, as individuals, that they were misclassified under Wisconsin prevailing wage laws as subjourneymen and should have be classified and paid as general laborers (the "Individual Claims"). The Individual Claims were previously settled and dismissed. (ECF No. 141 at 6.)

C.      PGA denied these claims, denied it had violated applicable state or federal law, and denied that class or collective treatment was appropriate.

D.      The Parties stipulated to conditional certification of the collective class on November 2, 2016 and after notice was mailed to the collective class, 12 individuals submitted timely consents to join the collective class.  (ECF Nos. 2-4, 23, 25, 27, 32, 34-36, 42.) A list of the collective action class members is attached as Exhibit A and are the "Collective Class Member(s)."

E.     The Court certified a class action under Federal Rule of Civil Procedure 23. (ECF No. 118.)  Class notice was sent to 106 individuals and 38 opted out of the lawsuit. A list of the class action members is attached as Exhibit B and are the "Rule 23 Class Member(s)."

F.     Plaintiffs are represented by The Previant Law Firm S.C. ("Class Counsel").

G.     PGA provided substantial data and information relevant to Plaintiffs' allegations to Class Counsel and after a detailed analysis of the data, Plaintiffs' claims and PGA's defenses, the Parties have now agreed to settle and dismiss all remaining causes of action in the Case in order to avoid further litigation and expenses, without admission of liability by any party as to such settled claims.

H.     The Parties, in consideration of these Recitals and the Mutual Covenants set forth below, agree as follows:

Mutual Covenants

1.     <u>Settlement</u>.  In exchange for the Release of Claims and other promises contained herein, PGA shall, in accordance with the manner and timing provided for in Paragraphs 5 and 6(e)(4) below, make payments to the Collective Class Members, the Rule 23 Class Members, and Class Counsel, as set forth in Paragraph 5 below and Exhibit C to this Agreement.

2.     <u>Release of Claims by Class Representatives</u>. For valuable consideration from PGA as stated herein, Schilling, Krohn, and Sinclair (the "Class Representatives), for themselves and their heirs, personal representatives, successors and assigns, hereby release all claims of whatever nature that the Class Representatives may have against PGA, its affiliates, subsidiaries, predecessors, successors and assigns and its and their present, former or later insurers, agents, representatives, officers, administrators, directors, shareholders and employees (collectively "Releasees"), which arise out of or are in any manner based upon or related to the employment relationship between Class Representatives and PGA, and the end of that relationship, and from all other claims or liabilities of any nature whatsoever which have arisen from any occurrence, transaction, omission or communication which transpired or occurred at any time before or on the date of this Agreement or which could have been brought in the Case, whether individually or on behalf of a class; provided, however, that this Agreement will not prevent any party from

2

asserting a claim against the other party for breach of this Agreement.

Without limitation to the foregoing, the Class Representatives specifically release, waive and forever discharge the Releasees from and against all liabilities, claims, actions, demands, damages and costs of every nature, whether known or unknown, asserted or unasserted, which arise under the Wisconsin Fair Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Genetic Information Nondiscrimination Act; the Americans With Disabilities Act, as amended; Section 1981 of U.S.C. Title 42; National Labor Relations Act; Employee Retirement Income Security Act of 1974; the Equal Pay Act; state or federal parental, family and medical leave acts; the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, breach of contract (express or implied) and/or any other tort or common law cause of action.

3.      Release of Claims by Collective Class Members. Upon final approval of this Settlement Agreement, each and every Collective Class Member, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, guardians, personal representatives, successors-in-interest, and assigns shall forever and completely release the Releasees from all wage and hour claims alleged in Plaintiffs' Complaint, including claims arising pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq.; wage and hour claims arising out of laws or regulations of the State of Wisconsin, including under Chapters 103, 104, and 109 of the Wisconsin Statutes, and Chapters DWD 272 and 274 of the Wisconsin Administrative Code; and any state common law wage claims, that any Collective Class Member has, had, or might have had against the Releasees based on any act or omission that occurred at any time before or on the date of this Agreement.

4.      Release of Claims by Rule 23 Class Members. Upon final approval of this Settlement Agreement, each and every Rule 23 Class Member and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns shall forever and completely release the Releasees from all wage and hour claims arising out of laws or regulations of the State of Wisconsin, including under Chapters 103, 104, and 109 of the Wisconsin Statutes and Chapters DWD 272 and 274 of the Wisconsin Administrative Code; and any state common law wage claims but excluding claims arising out of the Fair Labor Standards Act, that any Rule 23 Class Member has, had, or might have had against the Releasees, based on any act or omission that

3

occurred at any time before or on the date of this Agreement.

5.  **Settlement Payments**. PGA shall pay a total gross settlement amount of $53,872.00 in accordance with the manner and timing provided for in Paragraphs 5 and 6(e)(4) below.

(a)  **Settlement Fund**.  As consideration for the releases in Paragraphs 2-4 above, PGA shall pay $28,872.00 (the "Settlement Fund") to the Rule 23 Class Members and the Collective Class Members. This Settlement Fund is inclusive of unpaid wages, liquidated damages, civil penalties, and incentive payments to the Class Representatives.  Approval or disapproval of the Settlement Fund shall not affect the total gross settlement payment to be paid by PGA. The Settlement Fund shall be allocated as follows:

(i)  **Incentive Payments**: $4,200.00 of the Settlement Fund shall be allocated as Incentive Payments to be divided equally between the Class Representatives in recognition of their efforts in bringing this claim, their insistence that the matter be resolved on a class-wide basis, and the assistance they provided Class Counsel in bringing this matter to resolution. PGA will issue an IRS Form 1099-MISC to each Class Representative reflecting the amount of such payment. If this amount is reduced by the Court, those funds shall be re-allocated as described in Paragraph 5(a)(ii)[b] below. If the Court finds that the Incentive Payments are excessive and reduces the Incentive Payments, Class Counsel shall re-allocate that portion of the Incentive Payments to the Available Settlement Fund and then request approval from the Court, if not already granted.

(ii)  **Settlement Class Funds**: All Rule 23 Class Members and Collective Class Members shall be allocated settlement funds on a pro rata basis based on the total value of their individual claim from the Available Settlement Fund, as defined herein. The "Available Settlement Fund" amounts to $24,672.00, and is defined as the funds available to the class after the Incentive Payments have been subtracted from the Settlement Fund. Initial individual claim values have been calculated for each individual by examining the timekeeping and payroll records produced by PGA and are listed in Exhibit C.

[a]  **Allocations**: Individual claim values have been calculated by taking the full claim value for each class member as calculated and assigning each class member their pro-rata percentage of the Available Settlement Fund.

4

[b] <u>Reversion and Re-Allocation</u>: Any portions of the FLSA or Rule 23 Allocations which are not claimed by cashing settlement checks by each check's expiration date (90 days after the date of issuance of any given settlement check, or 90 days after mailing to correct address if class counsel can provide proof that any settlement checks were mailed to an incorrect address) will revert to PGA. Unapproved attorney's fees and unapproved Incentive Payments will be re-allocated to the Rule 23 Class Members and the Collective Class Members on a pro-rata basis.

[c] <u>Tax Treatment</u>: For tax purposes, fifty percent (50%) of the Cash Fringe Claims recovery shall constitute unpaid wages and shall be subject to regular payroll withholdings. 66 and two-thirds percent (66 2/3%) of the Average Rate Claim recovery shall constitute unpaid wages and shall be subject to regular payroll withholdings. PGA will report the unpaid wages portion to each Rule 23 Class Member and Collective Action Member on an IRS Form W-2. PGA shall be responsible for the employer share of social security and Medicare taxes on all payments designated by this paragraph of the Agreement as wage payments. The remaining portion of the payments shall be attributed to liquidated damages for which each Rule 23 Class Member and Collective Action Member will receive an IRS Form 1099 from PGA. Class Counsel will cooperate to the extent possible in obtaining information from Plaintiffs needed by PGA to issue W-2 and 1099 Forms to the Rule 23 Class Members and Collective Class Members.

(b) <u>Attorney's Fees and Costs</u>.  In addition to the Settlement Fund paid to Plaintiffs, PGA shall pay an amount not to exceed $25,000 to Class Counsel as reasonable attorney's fees and costs incurred by Class Representatives in this matter – inclusive of litigation costs and settlement administration costs as approved by the Court.  Class Counsel will petition the Court for an award of attorney's fees, costs, and administration-related expenses, not to exceed $25,000.  PGA agrees that it will take no position in favor of or against a requested award of attorney's fees, costs, and administration-related expenses, provided the request does not exceed $25,000. Any attorney's fees and costs petitioned for by Class Counsel and not approved by the Court shall be re-allocated to the Class in the manner described in Paragraph 5(a)(ii)[b]. Approval or disapproval of any portion of the requested award of attorney's fees, costs, and administration-related expenses shall not affect the total gross settlement payment to be paid by PGA. If the Court finds that the requested award of attorney's fees and costs is excessive and reduces the award, Class Counsel shall re-allocate that portion of the $25,000 allotted for attorney's fees, costs and administration-related expenses to the Settlement Fund and then

5

request approval from the Court, if not already granted.

6.      Settlement Approval Process.

(a)      Preliminary Approval of Settlement. The Parties will file with the Court a Joint Motion for Preliminary Settlement Approval and Approval of Class Notice and a Proposed Order Approving Preliminary Settlement in a form mutually agreed to by the Parties. A copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief in the form of an Order that:

(i)      Preliminarily approves this Settlement Agreement as fair, reasonable, and adequate;

(ii)      Approves the Notice attached as Exhibit D for distribution by mail to the Collective Class Members listed in Exhibit A and the Rule 23 Class Members listed in Exhibit B.

(iii)      Finds that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Rule 23 Class Members and Collective Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members and Collective Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

(iv)      Authorizes Class Counsel to mail the Notice to all Rule 23 Class Members and Collective Class Members.

(v)      Directs that all Rule 23 Class Members shall be bound by this Agreement in the event the Court issues a Final Order Approving Settlement;

(vi)      Directs that all Collective Class Member shall be bound by this Agreement in the event the Court issues a Final Order Approving Settlement;

(vii)      Schedules a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

6

41986398

(viii)   Directs that Class Counsel shall file a Motion for Approval of Attorney's Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing, and further that any supplemental brief in support of final approval of the Settlement Agreement, including the Incentive Payments, or in response to any objections to the application for attorney's fees and costs be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorney's fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

(ix)   Directs that any Rule 23 Class Member or Collective Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty (30) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Rule 23 Class Member or Collective Class Member who has not properly served copies of his or her objections on a timely basis.

(b)   <u>Objection to Settlement.</u> Any Rule 23 Class Member or Collective Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Order Approving Preliminary Settlement (which shall be no later than thirty (30) days after the mailing of the Class Notice), file any such objection with the Court as provided in the Notice.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing, if any; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Rule 23 Class Member or Collective Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(c)   <u>Fairness Hearing.</u> On the date set forth in the Order Approving Preliminary Settlement, a Fairness Hearing will be held at which the Court will decide whether to grant final

approval of the Settlement Agreement as fair, reasonable, and adequate and decide Class Counsel's Motion for Attorney's Fees and Costs and class representative incentive awards.

(d)     <u>Entry of Final Order Approving Settlement.</u> If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and dismissing Appeal No. 19-1422 shall be entered as follows:

(i)     Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class Members and the Rule 23 Class Members;

(ii)     Declaring the Settlement Agreement to be binding on PGA, the Class Representatives, the Collective Class Members, and the Rule 23 Class Members;

(iii)     Dismissing Appeal No. 19-1422; and

(iv)     Indicating the amount of attorney's fees and costs to be awarded to Class Counsel consistent with the Settlement.

(e)     <u>Settlement Administration</u>. If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Class Counsel. The Parties agree to the following procedure for settlement administration:

(i)     <u>Settlement Allocations</u>. Individual settlement allocations shall be made in the amounts set forth in Exhibit C. Each settlement check will indicate that it is void after ninety (90) days from the date of issuance, or after ninety (90) days from the date of mailing to the correct address, if it was originally mailed to an incorrect address.

(ii)     <u>Reverter/Unclaimed Settlement Funds</u>. Any portions of the Settlement Funds which are not claimed by cashing settlement checks by each check's Expiration Date shall revert to PGA. PGA's Counsel shall provide an accounting of the unclaimed funds that revert irrevocably to PGA under this section to Class Counsel within 10 days after the expiration date of the issued checks.

(iii)     <u>Issuance of Notice after Preliminary Approval</u>. Within seven (7) days of the Court's order granting preliminary approval of the Settlement, or within three (3) days of PGA providing to Class Counsel the most recent known address for each class member, whichever is later, Class Counsel will mail the Notice to the Collective Class Members and Rule 23 Class Members in a form substantially similar to what is attached hereto as Exhibit D and

41986398

made a part of this Settlement Agreement, unless modified by Court order. The Notice will be sent by first-class U.S. Mail. The Notice shall inform the members of the Rule 23 Class and the Collective Class of the amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit C.

If the mailing of Notice is returned as undeliverable, Class Counsel shall take other appropriate steps to identify proper current addresses for the members of the Collective Class and Rule 23 Class if possible.

(iv)    Payment schedule. Within thirty one (31) days of the Court's Order granting the Parties' Joint Motion for Final Approval, PGA will deliver to Class Counsel the settlement checks for all amounts set forth in Paragraph 5 above (for each Rule 23 Class Member and Collective Class Member) and in accordance with Exhibit C to this Agreement, along with updates to the class members' addresses, if any, to The Previant Law Firm S.C., c/o Attorney Yingtao Ho, 310 W. Wisconsin Avenue, Suite 100MW, Milwaukee, Wisconsin 53203. Within fourteen (14) days of receiving these checks, Class Counsel will mail them to the Collective Class Members and Rule 23 Class Members via first class U.S. Mail.

In the event that either party files an appeal of the Court's Order granting the Parties' Joint Motion for Final Approval, PGA will not deliver the checks to Class Counsel until ten (10) days after such appeal has been concluded.

7.    Binding Agreement.  This Agreement shall be binding upon Plaintiffs and upon their heirs, administrators, representatives, executors, successors and assigns and shall inure to the benefit of the Releasees and to their heirs, administrators, representatives, executors, successors and assigns.

8.    Jurisdiction.  This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin.

9.    Severability.  It is understood and agreed that the provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of the provisions herein shall not affect the validity and enforceability of the other provisions herein.

10.    Complete and Exclusive Agreement.  The Parties understand and agree that this Agreement is final and binding and constitutes the complete and exclusive statement of the terms and conditions of settlement, that no representations or commitments were made by the parties to

9

41986398

induce this Agreement other than as expressly set forth herein and that this Agreement is fully understood by the parties. This Agreement may not be modified or supplemented except by a subsequent written agreement signed by the party against whom enforcement is sought.

11. <u>Construction</u>. This Agreement has been drafted with the assistance of counsel for each party and shall not be construed in favor of, or against, any party.

12. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement. Signatures to this Agreement transmitted by facsimile, by electronic mail in portable document format (.pdf) form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document will have the same effect as physical delivery of the paper document bearing the original signature.

13. <u>Acknowledgment</u>. The undersigned parties acknowledge and agree that they have carefully read the foregoing document, that a copy of the document was available to them prior to execution, that they understand its contents including its release of claims, that they have been given the opportunity to ask any questions concerning the Agreement and its contents, and have signed this Agreement as their free and voluntary act.

[Remainder of page intentionally left blank; signature page to follow.]

10

41986398

which shall be considered one and the same agreement. Signatures to this Agreement transmitted by facsimile, by electronic mail in portable document format (.pdf) form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document will have the same effect as physical delivery of the paper document bearing the original signature.

13. <u>Acknowledgment</u>. The undersigned parties acknowledge and agree that they have carefully read the foregoing document, that a copy of the document was available to them prior to execution, that they understand its contents including its release of claims, that they have been given the opportunity to ask any questions concerning the Agreement and its contents, and have signed this Agreement as their free and voluntary act.

[Remainder of page intentionally left blank; signature page to follow.]

**IN WITNESS WHEREOF**, the parties herein executed this Settlement Agreement as of the date appearing next to their signatures.

Eric Schilling, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: 10/31/19

Blaine Krohn, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated:

Erik Sinclair, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated:

PGA INC.:

Dated:       By

Its:

40810525

**IN WITNESS WHEREOF**, the parties herein executed this Settlement Agreement as of the date appearing next to their signatures.

Eric  Schilling,  individually  and  as  Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____          _____

Blaine  Krohn,  individually  and  as  Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: *12-6-19*          _____

Erik  Sinclair,  individually  and  as  Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____          _____

PGA INC.:

Dated: _____          By_____

Its:_____

11

**IN WITNESS WHEREOF**, the parties herein executed this Settlement Agreement as of the date appearing next to their signatures.

Eric Schilling, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____

_____

Blaine Krohn, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____

_____

Erik Sinclair, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: __11/5/19__

*Erik Sinclair*

PGA INC.:

Dated: _____

By_____

Its:_____

11

41986398

**IN WITNESS WHEREOF**, the parties herein executed this Settlement Agreement as of the date appearing next to their signatures.

Eric Schilling, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____

_____

Blaine Krohn, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____

_____

Erik Sinclair, individually and as Class Representative on behalf of the FLSA Collective Class and the Rule 23 Class:

Dated: _____

_____

PGA INC.:

Dated: 10/25/19

By _____

Its: _CFO_____

11

41986398