IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC SCHILLING, BLAINE KROHN,
and ERIK SINCLAIR, on behalf of
themselves and others similarly situated,

                Plaintiffs,                      OPINION & ORDER

    v.

PGA INC.,                                          16-cv-202-wmc

                Defendant.

This matter is before the court on a limited remand from the Seventh Circuit Court of Appeals to consider the parties' proposed settlement. In a prior opinion and order, the court preliminarily approved the settlement, directed distribution of a court-approved notice, and set this case for a fairness hearing on April 14, 2020. (1/14/20 Op. & Order (dkt. #165).) The court is now in receipt of plaintiffs' motions for attorney fees and class representative incentive awards (dkt. #168) and for final approval of the settlement agreement (dkt. #173). For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #165) and provided on the record during the fairness hearing, the court will give final approval of the settlement terms and approve an award of attorneys' fees and costs.

OPINION

I. Settlement

On behalf of themselves and other similarly situated employees, plaintiffs Eric Schilling, Blaine Krohn and Erik Sinclair allege that their employer defendant PGA, Inc.: (1) failed to pay overtime on cash payments in lieu of fringe payments that PGA made to

employees who worked certain prevailing wage jobs (the "cash fringe claim"); and (2) should have used the average rate to calculate overtime during weeks in which two or more rates were paid to the same individual (the "average rate claim"), in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), and Wisconsin state law. The court previously certified an FLSA collective action and a class action under Federal Rule of Civil Procedure Rule 23, and in response to the parties' cross-motions for summary judgment, entered judgment on these claims in defendant's favor. (Dkt. ##23, 24 118, 132, 142.) On appeal to the Seventh Circuit, the parties reached a settlement, and the Seventh Circuit remanded the case for the limited purpose of conducting settlement approval. (Dkt. #156.)

Based on today's fairness hearing, the parties' written submissions, the lack of any objections, and the entire record in this case as a whole, the court concludes that: (1) the parties' settlement of plaintiffs' state law claims is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e); and (2) the settlement of plaintiffs' FSLA claim was a fair and reasonable resolution of bona fide disputes under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Specifically, as detailed in plaintiffs' submissions, all but two of the members received notice of the settlement and none of the members of the FLSA collective action and/or Rule 23 class action objected to the settlement. Moreover, the settlement payments reflect a range of 25% to 175% of plaintiffs' calculation of the maximum recovery under the various FLSA and collective action claims. (Pls.' Br. (dkt. #174) 2-3.) In light of the court's prior decision granting summary judgment in defendants' favor on all claims, the court has little trouble finding the parties' settlement to be fair, reasonable and adequate.

2

In addition to the payouts to each individual class member, the settlement provides for an individual award of $1,400 to the three named plaintiffs, Eric Schilling, Blaine Krohn and Erik Sinclair. The court finds that this award is eminently reasonable in light of the named plaintiffs' significant involvement in this litigation, including assisting in responding to discovery, sitting for depositions, and providing declarations in support of the class claims.

## II. Attorneys' fees and costs

Also before the court is class counsel's motion for attorneys' fees and costs. (Dkt. #168.) Class counsel seeks $25,000 in fees and costs, the full amount allowed under the settlement agreement. While it is within the court's discretion to use either the lodestar method or percentage method in awarding attorneys' fees and costs for a class action, *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014), this court typically considers both. In its opinion and order preliminarily approving the settlement, the court questioned whether the requested fee award was reasonable in light of the fact that the fee request constitutes approximately 47% of the total settlement fund. Nonetheless, class counsel's time records show at least 186 hours spent on this litigation and over $4,000 in expenses. (Ho Decl., Exs. 1, 2 (dkt. ##170-1, 170-2).) Further, class counsel points out that these records do not reflect the time that they will spend seeking approval of this settlement.

While the court rejects plaintiffs' invitation to solely rely on the fact that these claims involved a fee-shifting provision and, therefore, approve the requested attorneys' fees and costs without reference to the total settlement fund, the requested attorneys' fees

represent a fairly significant discount from the lodestar amount, given that counsel's reasonable hourly rate almost certainly exceeds the $112 rate calculated by accounting for the 186 hours spent on this litigation, which approximately results in the requested $21,000 in fees. Moreover, given the substantial challenges presented by the class and collective action claims on the merits, the court finds the result achieved by plaintiffs' counsel to be an "exceptional settlement," warranting a significant fee award as a percentage of the total settlement fund. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015) (explaining that in an "exceptional settlement" an award significantly more than the amount the class receives may be appropriate). Accordingly, the court will grant plaintiffs' fee petition and award $25,000 in attorneys' fees and costs.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for attorney fees and costs (dkt. #168) is GRANTED in the requested amount of $25,000.00.

2) Plaintiffs' motion for final approval of settlement agreement (dkt. #173) is GRANTED, and the parties are directed to carry out its terms and provisions.

3) Settlement payments, including the $1,400.00 payment to the named plaintiffs, are APPROVED.

4) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown and provide notice to the Seventh Circuit Court of Appeals of entry of this final Opinion and Order.

Entered this 14th day of April, 2020.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge